UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TROY K. SCHEFFLER,**

       **Plaintiff,**

v.                                                                         Case No: 6:23-cv-1634-PGB-DCI

**MICHAEL J. CHITWOOD, JOHN DOE**
**and VOLUSIA COUNTY, FLORIDA,**

       **Defendants.**

_____

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendants' Motion to Dismiss First Amended Complaint (Doc. 23)** |
| **FILED:** | **December 12, 2023** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I.    Background**

Plaintiff, proceeding *pro se*, initiated this suit on August 25, 2023, alleging violations of his First and Fourteenth Amendment rights. Doc. 1. Following Defendants' first Motion to Dismiss (Doc. 16), Plaintiff elected to file an amended complaint, mooting the first Motion to Dismiss. Doc. 22 (the Complaint). Thereafter, Defendants filed this Motion to Dismiss the First Amended Complaint. Doc 23 (the Motion). Plaintiff has not filed a response to the Motion and the time for doing so has passed—accordingly, the Motion will be deemed unopposed. *See* Middle District of Florida Local Rule 3.01(c) ("[A] party may respond to a motion to dismiss . . . within

twenty one days after service of the motion."). Upon due consideration, the undersigned recommends the Motion be granted and Plaintiff's Complaint be dismissed with prejudice.

## II. Legal Standard

In considering a motion to dismiss, a court must view the challenged complaint in the light most favorable to the party asserting the claim. *See, e.g., Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court is limited in its consideration to the pleadings and any exhibits attached to those pleadings. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). *Pro se* pleadings are generally held to a less stringent standard, but courts have recognized that *pro se* complaints must still comply with minimal pleading standards. *See Heard v. Nix*, 170 F. App'x 618, 620 (11th Cir. 2006).

## III. Discussion

### A. Section 1983 Claims against Defendants Chitwood and John Doe

In Counts 1 and 2 of the Complaint, Plaintiff alleges that Defendants violated Plaintiff's First and Fourteenth Amendment rights by hiding and deleting comments Plaintiff made on the Volusia Sheriff's Office Facebook page. Doc. 12 at 28-30. Plaintiff relies upon 42 U.S.C. § 1983 as the basis for this cause of action. *Id.*

Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). "A constitutional claim brought pursuant to § 1983 must begin with the identification of a specific constitutional right that has allegedly been infringed." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citing *Albright v. Oliver*, 510 U.S. 266, 270 (1994)).

In the Motion, Defendants argue that Chitwood and John Doe as an employee of the Volusia County Sheriff's Office are entitled to qualified immunity. Doc. 13 at 4. The defense of qualified immunity may be raised and considered on a motion to dismiss. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "Because qualified immunity is a defense not only from liability, but also from suit, it is 'important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible.'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998)). Officers who act within their discretionary authority are "entitled to qualified immunity under [section] 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (citation omitted). "To receive qualified immunity, the defendant must first show he was performing a discretionary function." *Washington v. Howard*, 25 F.4th 891, 897-98 (11th Cir. 2022) (citation omitted). Then, "[t]he plaintiff bears the burden of proving both

that the defendant violated his constitutional right and that the right was clearly established at the time of the violation." *Id.* at 898. To survive a motion to dismiss, a complaint must contain "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (internal citations omitted).

Even taking all the allegations in the Complaint as true, Plaintiff cannot show that Defendants violated a clearly established right. "For the law to be clearly established to the point that qualified immunity does not protect a government official, 'pre-existing law must dictate, that is, truly compel [], the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Hudson v. Hall*, 231 F.3d 1289, 1294 (11th Cir. 2000) (quoting *Lassiter v. Ala. A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)).

Earlier this year, the Eleventh Circuit issued an unpublished opinion in which a panel held that a government official who blocked an individual from posting on a government-run Facebook page was entitled to qualified immunity because the plaintiff did not demonstrate a clearly established right had been violated. *Taylor v. Palmer*, No. 21-14070, 2023 WL 4399992 (11th Cir. 2023). This case accords with the holdings of at least three other circuits. *See Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1183-84 (9th Cir. 2022) (holding elected school-board officials acted under color of law and violated First Amendment by blocking critics from the officials' social media accounts, but holding the officials had qualified immunity), *cert. granted*, No. 22-324, 2023 WL 3046119 (Apr. 24, 2023); *Novak v. City of Parma*, 932 F.3d 421, 434 (6th Cir. 2019) (holding police officers had qualified immunity for deleting social media comments because "[c]ourts have not reached consensus on how First Amendment protections will apply to comments

on social media platforms"); *Wagschal v. Skoufis*, 857 F.App'x 18, 21 (2d Cir. 2021) (affirming qualified immunity for state senator who blocked citizen from page and hid comments).  In light of the uncertainty surrounding this issue, it cannot be said that there is any clearly established right that precludes government officials from deleting comments from their government Facebook pages.  Accordingly, both Chitwood and John Doe are afforded qualified immunity on the § 1983 claims, and both claims are due to be dismissed.

### B. *Monell* Claim against Volusia County and Chitwood

As a preliminary matter, a suit against Chitwood in his official capacity is the same as a suit against the Volusia County Sheriff's Office.  *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n. 8 (11th Cir. 2005) (citing *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997)).

It is well-established that a governmental entity, such as the Volusia County Sheriff's Office, is only liable under § 1983 when an employee or agent undertakes an action in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A plaintiff may establish the existence of a policy or custom by identifying either "(1) an officially promulgated policy or (2) an unofficial custom or practice of the [governmental entity] shown through the repeated acts of a final policymaker."  *Grech c. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).

Here, Plaintiff fails to allege any rule, regulation, or policy of the Sheriff's Office that expressly calls for deleting Facebook comments.  The factual allegations concern only a handful of instances in which Plaintiff's personal comments were deleted.  *See* Doc. 22 ¶¶ 145, 158.  Plaintiff does not allege any specific policy or practice concerning Facebook posts or comments—in fact, he does not allege a single example of posts or comments being deleted other than his own.

Plaintiff asserts that the County and Sheriff's Office have a "culture of violating" constitutional rights and have "shown special racial deference to Jews." *Id.* at 34-35. This alone is insufficient to survive a motion to dismiss. *Hargis v. City of Orlando, Fla.*, No. 6:12-cv-723-Orl-37KRS, 2012 WL 6089715, at *5 (M.D. Fla. Dec. 7, 2012) (granting motion to dismiss because conclusory statements that city had policy that "permits, encourages, and praises" unconstitutional behavior was insufficient under *Iqbal*). Because Plaintiff has failed to allege a policy, practice, or custom of the County or the Sheriff's Office, his *Monell* claim is due to be dismissed.[1]

Finally, a *pro se* plaintiff must generally be given one chance to amend a complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Here, however, Plaintiff has already taken the liberty of amending his initial complaint, and it does not appear that a more carefully drafted complaint would state any viable claim upon which relief can be granted. Therefore, the undersigned recommends that the Amended Complaint be dismissed with prejudice.

## IV. Conclusion

Accordingly, the undersigned recommends the Motion (Doc. 23) be **GRANTED** and that Plaintiff's Amended Complaint be dismissed with prejudice.

---

[1] To the extent Plaintiff sues Volusia County generally, the undersigned notes the County is not a proper defendant. Plaintiff does not allege that the County owns, controls, or operates the Volusia County Sheriff's Office Facebook page, nor does he allege any of the County's employees operate the page. Critically, Chitwood and the Sheriff's Office are not a subdivision of the County but are separate and independent constitutional offices under Florida law. Fla. Const. art. VIII, §1(d); *Cnty. Of Volusia v. DeSantis*, 302 So. 3d 1001 (Fla. Dis. Ct. App. 2020); *see also Demings v. Orange Cnty. Citizens Rev. Bd.*, 15 So. 3d 604, 606 (Fla. Dis. Ct. App. 2009) ("As an independent constitutional officer, the Sheriff does not derive his authority from the County's charter[.]"). Accordingly, even assuming Plaintiff properly alleged a policy or practice of the Sheriff's office— which he did not—that policy or practice cannot extend to the County for purposes of *Monell* liability.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 11, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy