IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
AT ORLANDO
Case No. 6:23-cv-1634-PGB-DCI

**Troy K. Scheffler,**
      Plaintiff,

v.           **PLAINTIFF'S MOTION TO ENLARGE SCHEDULING ORDER**

**Michael J. Chitwood**,
**John Doe**,
**Volusia County**, **Florida**,
      Defendants.

## MOTION

Plaintiff, comes now with motion to this Court to enlarge its 11/15/2023 Scheduling Order (Doc #18). Specifically, Plaintiff moves this Court to indefinitely postpone or vacate the Mediation deadline now set for July 15th, 2024.

## ARGUMENT

As this Court is aware, there have been some twists and turns, but the case has always hinged on a dispositive motion from the outset. With that said, the Defendant's Motion to Dismiss was expected to have been resolved well before the Mediation Deadline.

However, resolution to this case has not been had and it is now impossible to have any definitive decision with regard to the Plaintiff's MTD by 06/15/2023. Both parties have met and conferred from the outset with regard to how they felt that mediation has

1

very little worth to this case and that having mediation would amount to nothing more than a ceremonial waste of resources.

As far as the government Defendants, they have the taxpayers footing their half of mediation, but Plaintiff is surviving just barely over poverty levels and always meets State requirements for in forma pauperis in Minnesota; Federal Court IFP standards are somewhat different, but he likely would still qualify.

Mediation for something the parties are completely divided on, especially following this Court's vacated Report & Recommendation, would be inopportune and likely frivolous to be had while awaiting the Court's next R&R.  Also, there is an Order to Show Cause pending with this Court with regard to the John Doe Defendant.

Plaintiff in the past has typically had the Magistrate hold a settlement conference and now he asks this Court to do the same if it feels this is an opportune time to have one. Otherwise, this Court forcing expensive mediation after which it likely will be releasing their R&R would make absolutely no sense if this Court recommends the case be dismissed.

As said, in the past, settlement conferences held by a magistrate have been more fruitful in the experience of the Plaintiff and the Defendants have not expressed any opposition when Plaintiff pitched the suggestion of having a magistrate mediate.

## CONCLUSION

For the above stated reasons, 3rd party mediation appears to be a nonstarter with the parties and the Plaintiff stands to lose the most with the timing of the Court's scheduling order and demand for 3rd party mediation; especially in light of the prior R&R.

**WHEREFORE**, Plaintiff respectfully prays this Court grant this motion and:

Extend the mediation deadline indefinitely or at a time following resolution of the Defendants' dispositive motion;

or in the alternative,

Schedule a mediation hearing held by a magistrate at a time most convenient to this Court.

Respectfully,

05/06/2024

Troy Scheffler
Plaintiff Pro Se
26359 Shandy Trl
Merrifield, MN 56465
763-225-7702
troyscheffler@gmail.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Orlando Division

Troy K. Scheffler,

                Plaintiff(s),

vs.

Michael J. Chitwood, et al.,

                Defendant(s).

**CERTIFICATE OF SERVICE FOR SERVICE BY MAIL**

Case No.
**6:23-cv-1634-PGB-DCI**

I hereby certify that on 05/06/2024, I caused the following documents:

Plaintiff's Motion to ~~Amend~~ Enlarge my Scheduling Order;

to be mailed by first class mail, postage paid, to the following:

Attorney for Defendants, Sarah Jonas 123 W. Indiana Ave., DeLand, FL 32720

05/06/2024

_____
Matthew Zinda