UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TROY K. SCHEFFLER,

    Plaintiff,

v.                                                Case No: 6:23-cv-1634-JSS-DCI

MICHAEL J. CHITWOOD, JOHN
DOE, and VOLUSIA COUNTY,

    Defendants.
_____/

## ORDER

Plaintiff, Troy K. Scheffler, proceeding pro se, moves to file a third amended complaint, (*see* Dkt. 56), and to enlarge the scheduling order so he may do so past the deadline for amending the pleadings, (*see* Dkt. 55). Defendants Michael J. Chitwood and Volusia County oppose the motions. (*See* Dkts. 61 & 62.) The fictitious Defendant, John Doe, has not been served in this case. (*See* Dkt. 67 at 15 n.1.) For the reasons outlined below, the court denies Plaintiff's motions and dismisses the claims against Doe.

## BACKGROUND

Plaintiff initiated this action in August 2023 by filing a three-count complaint against Defendants under 42 U.S.C. § 1983. (*See* Dkt. 1.) The initial complaint alleged that Chitwood and Doe "hid[] and delete[d] comments" that Plaintiff had posted on the Volusia Sheriff's Office Facebook page and thus "block[ed] . . . [his] account from making public posts." (*Id.* ¶¶ 145, 152, 158; *accord id.* ¶¶ 162–63, 176.) The initial

complaint asserted that this conduct violated the First Amendment by "denying [Plaintiff] his right to openly and publicly protest, express, . . . and otherwise make grievance with regard to . . . the government" (Count I) and violated the Fourteenth Amendment by denying Plaintiff the "equal opportunity to participate" on the Facebook page (Count II). (*Id.* ¶¶ 148, 162–63, 166.) The initial complaint further asserted that the County was liable for these violations because it "ha[d] a persistent pattern and practice" and "systematic policy of [First] and [Fourteenth] Amendment suppression" (Count III). (*Id.* ¶¶ 171, 177.) The initial complaint sought various forms of relief, including compensatory and punitive damages, injunctive relief, and legal fees. (*Id.* at 33–34.)

In November 2023, the court issued the Case Management and Scheduling Order in this case. (Dkt. 18.) The court set a deadline of February 13, 2024, for motions to add parties or to amend pleadings and a deadline of July 1, 2024, for discovery. (*Id.* at 1.) The court

> advised that the pendency of a dispositive motion, such as a motion to dismiss . . . , does not stay the deadline for completion of discovery. Parties who elect to for[]go discovery on the merits of any claim or defense due to the pendency of a dispositive motion or for any other reason, without leave of [the c]ourt, will not be entitled to an extension . . . .

(*Id.* at 2.) The court further cautioned:

> Motions to extend the dispositive motions deadline or to continue trial are generally denied. . . . Motions for an extension of other deadlines established in this order . . . are disfavored. [A] deadline will not be extended absent a showing of good cause. Failure to complete discovery within the time established . . . shall not constitute good cause . . . . A motion to extend an established deadline normally will be denied if the

> motion fails to recite that: 1) the additional discovery is necessary for specified reasons[,] 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date[,] 3) all parties agree that any discovery conducted after the dispositive motions date . . . will not be available for summary judgment purposes[,] and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery.

(*Id.* at 6–7 (citing Fed. R. Civ. P. 16(b) and M.D. Fla. Loc. R. 3.08(a)).)

In December 2023, Plaintiff amended his complaint, (*see* Dkt. 22), in response to a motion to dismiss, (*see* Dkt. 16). The first amended complaint addressed whether Chitwood and Doe were sued in individual or official capacities, (Dkt. 22 at 1–2), and added allegations to Counts II and III, (*id.* at 32–37).

On April 1, 2024, Chitwood and the County moved to dismiss the first amended complaint for failure to state a claim. (Dkt. 38.) In the motion, Chitwood asserted qualified immunity for the individual-capacity claims against him. (*Id.* at 4–12.) Also on April 1, the court ordered Plaintiff to show cause why the claims against Doe should not be dismissed for failure to serve Doe. (Dkt. 39.) *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

On April 15, 2024, Plaintiff responded to the show-cause order. (Dkt. 40.) He indicated that because qualified immunity would apply to Doe, Plaintiff had waited to

engage in "formal discovery" pending resolution of the motion to dismiss. (*Id.* at 2, 4.) Plaintiff further stated that although the parties had engaged in "informal discovery" and defense counsel knew who Doe likely was, Doe's identity had not been disclosed to Plaintiff. (*Id.* at 2–3.) In addition, Plaintiff represented that to identify Doe, Plaintiff would "serve his first requests for discovery" "at the same time of the filing of this response." (*Id.* at 3.) On April 17, 2024, Chitwood and the County represented that on November 27, 2023, they served Plaintiff with their initial disclosures, which identified a Public Information Officer. (Dkt. 41 ¶ 4.) They further stated that Plaintiff's April 15 discovery requests referred to the officer by name. (*Id.* ¶ 5.)

On April 25, 2024, in response to the April 1 motion to dismiss, Plaintiff moved to file a second amended complaint. (Dkt. 43.) On June 5, 2024, the court granted Plaintiff's motion to amend and denied the April 1 motion to dismiss as moot. (Dkt. 52.) The second amended complaint contains new allegations, including that Defendants intended the Facebook page to be a public forum and engaged in viewpoint discrimination, but asserts the same section 1983 claims for the same relief against Defendants as the initial and first amended complaints. (*See* Dkt. 43-1.)

On June 17, 2024, Plaintiff filed the instant motions. (Dkts. 55 & 56.) Plaintiff's proposed third amended complaint removes Doe, adds four individuals as defendants in his place, and makes some changes to language in Counts I and II. (*See* Dkt. 56-2.) Plaintiff's two-page motion to enlarge the scheduling order seeks solely to "allow [his] accompanying [m]otion to [a]mend and [a]dd [p]arties" and purports to incorporate

by reference his memorandum in support of that motion. (Dkt. 55 at 1.) In the memorandum, Plaintiff acknowledges that the scheduling order set a deadline of February 13, 2024, to add parties and amend pleadings and a deadline of July 1, 2024, for discovery but contends that "[d]iscovery did not really start because of" the qualified-immunity issue. (Dkt. 56-1 at 1.) Plaintiff also complains that Defendants have "frustrat[ed] [his] efforts" to identify Doe, provided untimely discovery responses, changed their story about Doe's identity, and shifted the blame for hiding and deleting his Facebook posts to an algorithm. (*Id.* at 2–4.) Plaintiff maintains that Defendants will not suffer prejudice if his motions are granted because "[t]here are no statute[-]of[-]limitations concerns," "Defendants created the necessity for" the proposed amendment, Plaintiff generally does not foresee the need to enlarge the discovery deadline, and the proposed amendment does not affect the qualified-immunity issue. (*Id.* at 5.)

## APPLICABLE STANDARDS

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

Regarding Plaintiff's motions to amend and to enlarge the scheduling order,

"where a party's motion to amend [a complaint] is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "This good[-]cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted). "If a party was not diligent, the good[-]cause inquiry should end." *Id.* (alterations adopted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Regarding the fictitious Defendant in Plaintiff's second amended complaint, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1318 n.4 (11th Cir. 2015) ("Because the 'John Doe Deputies' are not proper parties to this action, we will not mention them again."). A "limited exception to this rule" applies "when the plaintiff's description of the defendant is so specific as to be[,] at the very worst, surplusage." *Richardson*, 598 F.3d at 738 (quotation omitted). The description "must be more specific than [the defendant]'s title. The proposed defendant must actually exist, and the complaint must describe the person to be sued so that the person could be identified for service." *Scott v. Miami Dade County*, No. 21-13869, 2023 U.S. App. LEXIS 16204, at *20 (11th Cir. June 27, 2023) (citation and quotation omitted).

## ANALYSIS

The court first discusses Plaintiff's interrelated motions to amend and to enlarge the scheduling order and then explains the dismissal of Plaintiff's claims against Doe.

### 1. Plaintiff's Motions to Amend and to Enlarge the Scheduling Order

The court denies Plaintiff's interrelated motions to amend and to enlarge the scheduling order because Plaintiff has not established the requisite good cause for amending a pleading after a scheduling order's deadline for doing so. *See* Fed. R. Civ. P. 16(b)(4); *Smith*, 487 F.3d at 1366. Plaintiff was not diligent in discovering Doe's identity. *See Sosa*, 133 F.3d at 1418. Although Plaintiff criticizes Defendants for impeding his efforts to identify Doe, (Dkt. 56-1 at 2–4), Plaintiff did not "serve his first requests for discovery" until April 15, 2024, (Dkt. 40 at 3; *accord* Dkt. 41 ¶ 5)—more than seven months after he initiated this action, (*see* Dkt. 1), and five months after the court advised him: "Parties who elect to for[]go discovery on the merits of any claim or defense due to the pendency of a dispositive motion or for any other reason, without leave of [the c]ourt, will not be entitled to an extension," (Dkt. 18 at 2). Despite the court's advice, Plaintiff now seeks an extension of the deadline for motions to add parties or to amend pleadings even though he elected to forgo discovery, without the court's leave, pending resolution of the qualified-immunity issue raised in the motion to dismiss. (*See* Dkt. 40 at 2, 4; Dkt. 56-1 at 1.) However, taking "too long to conduct discovery . . . is not due diligence" and "thus not good cause." *MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 20-11266, 2023 U.S. App. LEXIS 7690, at *46–47 (11th Cir.

Mar. 31, 2023); *see also Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (discerning no abuse of discretion when the district court denied the plaintiff's motion for an extension given the plaintiff's "considerable delay in . . . beginning the discovery process").

Moreover, Plaintiff's motions fail to confirm that "all parties agree that [Plaintiff's requested] extension will not affect the . . . trial date" and that "no party will use the granting of the extension in support of a motion to extend another date or deadline." (Dkt. 18 at 6–7.) Indeed, Chitwood and the County assert that "[e]xtending the deadline to amend pleadings and allowing the addition of four new parties at this late stage of the proceedings would render the current scheduling order and trial date impractical," (Dkt. 62 at 3; *accord* Dkt. 61 at 8), and the court agrees with this assertion. *Cf. McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988) (discerning no abuse of discretion when the district court denied the plaintiffs leave to amend because the "delay and expense" resulting from the amendment "would have prejudiced [the] defendants, who were entitled to rely on a timely close of discovery and a near-term trial date"). Accordingly, Plaintiff's motions are denied.

### 2. Plaintiff's Claims Against Doe

Because Plaintiff's motions are denied, the second amended complaint remains the operative complaint. The second amended complaint lists Doe as a Defendant and describes him as "an unidentified employee of Volusia Sheriff's Office" who allegedly acted "under Chitwood's direction" to delete and hide Plaintiff's Facebook posts. (Dkt. 43-1 ¶¶ 8, 97; *accord id.* ¶¶ 9, 103, 105, 111, 120, 123, 126, 129, 132, 136,

140, 142–43, 145, 158, 161–66; *see also id.* at 1.) This description is not specific enough to overcome the general prohibition on fictitious-party pleading. *See Richardson*, 598 F.3d at 738; *Scott*, 2023 U.S. App. LEXIS 16204, at *20. It is akin to identifying Doe by a job title, for example social-media administrator, and fails to narrow down Doe's identity to just one individual, as demonstrated by Plaintiff's attempt in the proposed third amended complaint to replace Doe with four named individuals who had administrator access to the Volusia Sheriff's Office Facebook account. (*See* Dkt. 56-1 at 4, 12; Dkt. 56-3 at 1.) When "descriptions include only . . . a title that is held by many individuals," they "fall well short of" the required specificity. *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020). Thus, the court dismisses without prejudice the claims against Doe in the second amended complaint. *See Barefield v. Dunn*, 688 F. Supp. 3d 1026, 1114 (M.D. Ala. 2023) ("[The plaintiff] has not provided sufficient information to permit service upon the alleged fictitious defendants. Accordingly, all unknown Defendants will be dismissed without prejudice at this time.").

## CONCLUSION

Accordingly:

1. Plaintiff's motions (Dkts. 55 & 56) are **DENIED**.
2. The claims against Doe in Plaintiff's second amended complaint (Dkt. 43-1) are **DISMISSED without prejudice**.

**ORDERED** in Orlando, Florida, on October 22, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record